## W. H. McKNIGHT *v.* THOS. S. KENNEDY.

[Kentucky Law Reporter, Vol. 3—85.]

**Devisee's Right to Convey.**

> Where property is conveyed by will subject to be divested upon a contingency if it should occur before a named date, and the time is passed within which it could occur and it did not occur, the devisee has good title and may convey the same.

APPEAL FROM LOUISVILLE CHANCERY COURT.

June 25, 1881.

Opinion by Judge Pryor:

The will of John L. Martin has been heretofore construed by this court, and under the construction given that instrument then and now there can be no doubt as to the right of Kennedy and wife to dispose of that part of the estate devised to Mrs. Kennedy.

In the case of *Kennedy v. Ten Broeck,* 11 Bush (Ky.) 241, Mrs. Ten Broeck, who was a granddaughter and one of the immediate devisees under the will, disposed of her interest in the estate prior to her death, and, although dying without leaving issue, this court held that she was vested with a fee under the will and had the right to convey.

The contingency upon which these immediate devisees (Mrs. Kennedy being one of them) were to be divested of their interests, can not now possibly happen, as by the provisions of the will that contingency must have happened prior to January 1, 1872.    This was the ruling in the case of *Duncan v. Kennedy,* 9 Bush (Ky.) 580, and it therefore results that the power to convey is unquestioned.

Judgment *affirmed.*

*Byron Bacon, for appellant.*

*Russell & Helm, for appellee.*